TED W. CASSMAN (SBN 98932)
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000

Attorneys for Defendant
Victor Chen

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-180-2 RS |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] ORDER RE: RESTITUTION AND AMENDED PRELIMINARY ORDER OF FORFEITURE |
| vs. | |
| VICTOR CHEN, | |
| Defendant. | |

STIPULATION

WHEREAS, on April 16, 2013, defendant Victor Chen entered into a plea agreement, whereby he agreed that $610,099 in illegally derived proceeds are subject to forfeiture;

WHEREAS, on June 10, 2013, the Court entered a Preliminary Order of Forfeiture directing that $610,999 shall be forfeited as proceeds obtained directly and indirectly from the commission of the offense of conviction;

WHEREAS, on or about July 8, 2013, defendant Chen presented to the United States a cashier's check for $610,999, which defendant Chen agrees consists of proceeds from the offense of conviction, or of substitute property that qualifies for

1

forfeiture under an applicable statute;

WHEREAS, Leerink Swann, LLC has submitted a claim for restitution in the amount of approximately $326,281.82;

WHEREAS, in its Judgment entered on July 24, 2013, the Court deferred ruling as to whether to order restitution and, if so, what amount;

THEREFORE, the parties stipulate and agree as follows:

(1) the parties shall request that the Court hold a hearing to determine whether to order any restitution;

(2) in the event the Court orders that defendant Chen pay an amount of restitution (the "restitution amount"), the parties agree that the restitution amount shall be paid from the funds that Chen presented to the United States, and that any funds not applied towards restitution shall be forfeited to the United States. The parties further agree to recommend that the attached [Proposed] Order re: Restitution and Amended Preliminary Order of Forfeiture be entered following the hearing.

Dated: September 24, 2013

/s/
TED W. CASSMAN,
Attorney for Victor Chen

Dated: September 24, 2013

/s/
VICTOR CHEN,
Defendant

Dated: September 24, 2013

/s/
ROBERT LEACH,
Asst. U.S. Attorney

[PROPOSED] ORDER

Pursuant to the stipulation and good cause appearing, it is HEREBY ORDERED that the Court shall hold a hearing on October 22, 2013, to determine whether to order any restitution, that any restitution ordered as to defendant Victor Chen shall be paid from the funds ($610,099) that Chen previously presented to the United States, and that any funds not applied towards restitution shall be forfeited to the United States.

IT IS SO ORDERED this  2nd   day of   October      2013.

_____
HON. ROBERT SEEBORG,
United States District Court Judge

ATTACHMENT TO STIPULATION

[PROPOSED] ORDER RE: RESTITUTION AND AMENDED PRELIMINARY ORDER OF FORFEITURE

On April 16, 2013, defendant Victor Chen entered into a plea agreement, whereby he agreed that $610,099 in illegally derived proceeds are subject to forfeiture.

On June 10, 2013, the Court entered a Preliminary Order of Forfeiture directing that $610,999 shall be forfeited as proceeds obtained directly and indirectly from the commission of the offense of conviction.

On or about July 8, 2013, defendant Chen presented to the United States a cashier's check for $610,999, which defendant Chen agrees consists of proceeds from the offense of conviction, or of substitute property that qualifies for forfeiture under an applicable statute;

Having considered the Stipulation and [Proposed] Order Re: Restitution and Amended Preliminary Order of Forfeiture, the docket in this case, and good cause appearing,

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 3663A, defendant Victor Chen shall pay $_____ to Leerink Swann, LLC as restitution for the commission of the offense of conviction.

IT IS FURTHER ORDERED that, pursuant to Federal Rule 32.2(e), an amended Preliminary Order of Forfeiture in the amount of $_____ shall be entered against the defendant pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

IT IS FURTHER ORDERED that, the court maintain jurisdiction to enforce the Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Rule 32.2(b)(3) of the Federal Criminal Rules of Procedure, this Order of Forfeiture shall become Final Order as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

IT IS SO ORDERED this _____ day of _____ 2013.

_____
HON. ROBERT SEEBORG,
United States District Court Judge